## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**KIRK MANUEL**                                                                               **PLAINTIFF**

**v.**                                            **No. 2:12-cv-00035 KGB**

**MDOW INSURANCE COMPANY**                                                       **DEFENDANT**

### ORDER

Before the Court is plaintiff's motion to compel (Dkt. No. 21). Defendant has responded. Plaintiff's motion is denied.

This case involves a breach of contract claim arising out of defendant's denial of plaintiff's claim for insurance coverage for property damaged by fire; there is no bad faith claim pending. By prior order, this Court dismissed without prejudice plaintiff's bad faith claim. This Court found that plaintiff's "general and conclusory allegations about bad faith in the coverage denial" were "too thin to support a bad-faith claim under Arkansas law" (Dkt. No. 12). The Court also held that, "[i]f discovery reveals facts tending to show that MDOW acted dishonestly, maliciously, oppressively, or vengefully in investigating Manuel's claim or denying coverage," then plaintiff "should propose an amended pleading alleging those specific facts" (Dkt. No. 12). To date, plaintiff has not refiled the bad faith claim. On September 14, 2012, plaintiff propounded three interrogatories and one document request to defendant. Defendant served its responses and objections to plaintiff's discovery on September 24, 2012. Plaintiff challenges the sufficiency of defendant's responses to all four discovery requests. The Court will address each one in turn.

Interrogatory No. 1 seeks information relating to every citation or warning defendant has received from any state insurance commission or other regulatory agency since January 1, 2006 and requests a copy of all documents defendant received from any such regulatory agency. The Court

sustains defendant's objection. The request is overly broad in scope. This request seeks information relating to citations and warnings received by defendant from January 1, 2006, to date, including after this lawsuit was filed, without regard to geographic scope, and without regard to the type of claim at issue. Plaintiff in his motion makes no argument as to why a request this broad is necessary to obtain information reasonably calculated to lead to the discovery of admissible evidence regarding the claims and defenses in this case.

Interrogatory No. 2 seeks information relating to every lawsuit filed against defendant and requests a copy of the judgment or decision in each case. The Court sustains defendant's objection. The request is overly broad as to scope and time. This requests seeks information relating to lawsuits filed at any time against defendant, including those filed after this lawsuit was filed, without regard to geographic scope and without regard to the type of claim at issue. Plaintiff in his motion makes no argument as to why a request this broad is necessary to obtain information reasonably calculated to lead to the discovery of admissible evidence regarding the claims and defenses in this case.

The second request labeled as Interrogatory No. 2, which the parties at various times refer to as Interrogatory No. 3, seeks information relating to every bad faith claim made by any person against defendant in the last five years and requests a copy of the decision of the presiding authority. The Court sustains defendant's objection. The request is overly broad as to scope. This request seeks information relating to bad faith claims made against defendant after this lawsuit was filed, without regard to geographic scope, and without regard to the type of claim at issue. Plaintiff in his motion makes no argument as to why a request this broad is necessary to obtain information reasonably calculated to lead to the discovery of admissible evidence regarding the claims and

defenses in this case.

Request for Production No. 1 seeks an authorization from defendant allowing plaintiff to obtain copies of defendant's file from any state insurance commission. The Court sustains defendant's objection. The request is overly broad as to scope and time. This request is unlimited in time. It seeks an authorization permitting plaintiff to obtain files from any state insurance commission, including files regarding matters that post-date the date this lawsuit was filed, without regard to geographic scope and without regard to the type of claim at issue. Plaintiff in his motion makes no argument as to why a request this broad is necessary to obtain information reasonably calculated to lead to the discovery of admissible evidence regarding the claims and defenses in this case.

For these reasons, plaintiff's second motion to compel is denied (Dkt. No. 21).

SO ORDERED this 23rd day of January, 2013.

_____
Kristine G. Baker
United States District Judge