IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

KIRK MANUEL                                                                                          PLAINTIFF

v.                                       Case No. 2:12-cv-00035 KGB

MDOW INSURANCE COMPANY                                                    DEFENDANT

## ORDER

Before the Court is plaintiff Kirk Manuel's motion for new trial (Dkt. No. 72). Defendant MDOW Insurance Company ("MDOW") has responded in opposition to the motion (Dkt. No. 74), Mr. Manuel has replied (Dkt. No. 78), and MDOW has responded to the reply (Dkt. No. 79).

In support of his motion for a new trial Mr. Manuel states that two jurors failed to disclose to the Court their relationships with five of Mr. Manuel's witnesses. Mr. Manuel argues that these two jurors have actual and implied bias, which they concealed from the Court. He claims, as a result, that this case was not tried to an impartial jury.

The alleged relationships of the jurors to the witnesses and potential witnesses include a juror who is the cousin of one witness, a juror who is a former teacher and coach who taught and coached at a school that a few witnesses and potential witnesses attended, a juror who was childhood friends with and who ended up marrying a man to whom one witness was engaged many years ago, and a juror who teaches the special needs son of one witness.

MDOW responds that Mr. Manuel's motion and supporting affidavits fall short of a showing that would justify setting aside the verdict or investigating the allegations further. MDOW argues that Mr. Manuel has not indicated sufficiently that any juror answered dishonestly, that the alleged contacts between the jurors and witnesses at issue are so remote and casual that it cannot be said that the jurors responded to questions posed during *voir dire*

dishonestly, that there is no evidence to suggest either juror was motivated by partiality toward MDOW or against Mr. Manuel, and that Mr. Manuel has not shown that, if the alleged true facts had been known, it would have supported striking either juror for cause.

Mr. Manuel maintains that the undisclosed relationships are not casual or tenuous but instead are close relationships that imply actual dishonesty and prejudice on the part of the jurors. This Court accepts as true for purposes of resolving this motion Mr. Manuel's contention that he did not know this information or of these relationships prior to the verdict being returned. The Court declines MDOW's request to reject the affidavits of Mr. Manuel.

The United States Supreme Court has held that "a litigant is entitled to a fair trial but not a perfect one, for there are no perfect trials." *McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 553 (1984) (quotations omitted). The Court went on to say:

> Trials are costly, not only for the parties, but also for the jurors performing their civic duty and for society which pays the judges and support personnel who manage the trials. It seems doubtful that our judicial system would have the resources to provide litigants with perfect trials, were they possible, and still keep abreast of its constantly increasing case load. . . .
>
> To invalidate the result of a [] trial because of a juror's mistaken, though honest response to a question, is to insist on something closer to perfection than our judicial system can be expected to give. A trial represents an important investment of private and social resources, and it ill serves the important end of finality to wipe the slate clean simply to recreate the peremptory challenge process because counsel lacked an item of information which objectively he should have obtained from a juror on *voir dire* examination. . . . We hold that to obtain a new trial in such a situation, a party must first demonstrate that a juror failed to answer honestly a material question on *voir dire*, and then further show that a correct response would have provided a valid basis for a challenge for cause. The motives for concealing information may vary, but only those reasons that affect a juror's impartiality can truly be said to affect the fairness of a trial.

*Id.* at 553–56.

The Eighth Circuit Court of Appeals held, based on *McDonough*, that a party seeking a new trial on the basis of concealed juror bias must prove three things about the *voir dire*: (1) that the juror answered dishonestly, not just inaccurately; (2) that the juror was motivated by partiality; and (3) that the true facts, if known, would have supported striking the juror for cause. *United States v. Tucker* (*Tucker I*), 137 F.3d 1016, 1026 (8th Cir. 1998).

The Court has reviewed the filings and the affidavits submitted by the parties and finds that Mr. Manuel has not met the high evidentiary burden set forth in *McDonough* and *Tucker I* to grant a new trial or even to merit this Court's conducting a hearing on his request for a new trial.

Mr. Manuel argues, in the alternative, that this Court should adopt the "implied bias" test that has been adopted by some federal courts of appeal but, notably, not the Eighth Circuit. On the matter of the implied bias test, the Eighth Circuit has stated, "without resolving whether or not presumed bias can support a grant of a new trial in our circuit, we observe that the idea of presumed bias is reserved for extreme cases, such as when a juror is a close relative of a party or victim in the case." *United States v. Tucker* (*Tucker II*), 243 F.3d 499, 509 (8th Cir. 2001). That court quoted with approval Justice O'Connor's concurrence in *Smith v. Phillips*, 455 U.S. 209, 222 (1982), to describe some extreme situations that would warrant a finding of implied bias:

> Some examples might include a revelation that a juror is an actual employee of the prosecuting agency, that the juror is a close relative of one of the participants in the trial or the criminal transaction, or that the juror was a witness or somehow involved in the criminal transaction.

455 U.S. at 222.

Even were this Court to adopt the implied bias test, the Court finds that Mr. Manuel has not alleged any extreme case of bias here. Although one juror and one witness are allegedly cousins, they are not, on the record before the Court, "close relatives" such that a new trial would

be warranted under the implied bias test. The Court therefore denies Mr. Manuel's motion for a new trial (Dkt. No. 72).

SO ORDERED this 29th day of July, 2014.

*Kristine G. Baker*
Kristine G. Baker
United States District Judge